## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDREW HANSON, ET AL.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-cv-2256 RC |
| ) | |
| **DISTRICT OF COLUMBIA, ET AL.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER GRANTING PRELIMINARY INJUNCTION

(Proposed)

Before the Court is Plaintiffs' application to preliminarily enjoin enforcement of District of Columbia Code Section 7-2506.01(b), and responsive pleadings thereto. For the reasons stated below, the court will grant the preliminary injunction.

The regulation at issue prohibits the possession of so-called high capacity ammunition feeding devices, defined generally as those holding in excess of 10 rounds of ammunition. The Court finds that firearms holding in excess of 10 rounds of ammunition were available without restriction at the founding of the republic and have been generally available throughout the nation since the founding. The Court further finds that the feeding devices in question, firearm magazines holding in excess of 10 rounds of ammunition, are commonly owned firearm components and thus come within the protection of the Second Amendment.

Pursuant to the Supreme Court's decision in *New York State Pistol & Rifle Association v. Bruen,* 597 U.S. __, Case No. 20-843, *slip op.* (June 23, 2022), the District bears the burden of justifying its regulation as consistent with the Second Amendment and the nation's historical tradition of firearms regulation.

The court finds that the District has failed to show that its prohibition on possession of such devices is consistent with the nation's historic tradition of firearm regulation. The court finds there is no founding era analogue to the District's restriction. Indeed, not until the 1930s did any jurisdiction purport to regulate the capacity of firearm feeding devices. During that time, three states and the District enacted somewhat less severe limitations and with the exception of the District's regulation, the state limitations were later repealed. The District's regulation stood as an outlier both in terms of history and in terms of contemporary firearms regulation until 1994 when Congress enacted a ban on new firearm magazines capable of holding more than 10 rounds. The Court in *Bruen* was clear, however, that 20th century restrictions on Second Amendment liberties hold little weight in evaluating regulations under the Second Amendment.

In light of these findings, the Court concludes that Plaintiffs' have established they are likely to succeed on the merits of their claim that DC Code Section 7-2506.01(b) is void in violation of the Second Amendment.

Because the regulation burdens Plaintiffs' Second Amendment right of armed self-defense, and is likely unconstitutional, the court finds that Plaintiffs have made a sufficient showing of irreparable injury. *See Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013).

Likewise, because the regulation is likely unconstitutional, Plaintiffs' have shown that the equities are in its favor and that the public interest would be served by grant of a preliminary injunction. *Id.*

Accordingly, the Court will grant the requested injunction.

The Court further finds pursuant to Fed. R. Civ. Pro 65(c) that bond is not required to protect the interests of Defendants. So, Plaintiffs need post no bond.

IT IS ORDERED that Defendants and all persons acting in concert with Defendants having notice of this Order are enjoined from enforcing DC Code Section 7-2506.01(b) pending final resolution of this proceeding.

IT IS FURTHER ORDERED that no bond is required of the Plaintiffs.

SO ORDERED.

Dated: _____, 2022

_____
Rudolph Contreras
District Court Judge