UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW HANSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civil Action No. 1:22-02256-RC |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY

Plaintiffs request a preliminary and permanent injunction to enjoin enforcement of D.C. Code § 7-2506.01(b), the District's ban on the possession, sale, and transfer of large capacity magazines.  Pls.' Appl. Prelim. Perm. Inj. [8] (Pls' Motion).  Defendants the District and Chief Contee seek expedited discovery to gather information concerning the core arguments and issues underlying Plaintiffs' request for emergency injunctive relief, including Plaintiffs' standing, allegations of imminent harm, and the balance of the equities.  As explained below, the information sought is necessary to Defendants' preparation of a meaningful defense to Plaintiffs' Motion, and the discovery requests—eight targeted interrogatories—are narrowly-tailored, not unduly burdensome, and otherwise reasonable under the circumstances.

### BACKGROUND

Plaintiffs Andrew Hanson, Tyler Yzaguirre, Nathan Chaney, and Eric Klun filed this lawsuit on August 3, 2022.  Plaintiffs bring two claims challenging D.C. Code § 7-2506.01(b), a provision that prohibits individuals in the District from possessing, selling, or transferring "any large capacity ammunition feeding device."  Complaint [1] ¶¶ 59–61.  Under D.C. Code § 7-

2506.01(b), a large capacity ammunition feeding device is defined as "a magazine, belt, drum, feed strip or similar device that has a capacity of, or that can be readily restored or converted to accept, more than 10 rounds of ammunition." They are referred to colloquially as large capacity magazines.

On August 19, 2022, Plaintiffs filed an application for a preliminary injunction seeking to enjoin the enforcement of D.C. Code § 7-2506.01(b) preliminarily and permanently. *See* Pls' Mem. Appl. Prelim. Inj. [8-1] (PI Mem.) at 33.[1]

## LEGAL STANDARD

Under Rule 26(d)(1), a party may not seek discovery before the Rule 26(f) conference except "in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." When considering whether to permit expedited discovery before the Rule 26(f) conference, courts in this jurisdiction typically apply a "reasonableness" test. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97–98 (D.D.C. 2014). Under the test, courts consider the reasonableness of the request in light of the circumstances of the litigation as a whole, including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [opposing party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at 98 (citation omitted).[2]

## ARGUMENT

---

[1] Citations are to ECF page numbers.

[2] While some courts use a different test, courts in this District have recently found that the reasonableness test is more appropriate, especially when the expedited discovery request is related to a preliminary injunction. *See*, *e.g.*, *id*. at 97; *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015); *Legal Tech. Grp. v. Rajiv Mukerji & HBR Consulting LLC*, No. 17-631, 2017 WL 7279398 (D.D.C. June 5, 2017).

Under the circumstances of this litigation, expedited discovery related to Plaintiffs' Motion, and the appropriateness of the emergency relief they request, is reasonable. *See Garnett v. Zeilinger*, No. 17-1757, 2017 WL 8944640, at *2 (D.D.C. Dec. 15, 2017). Defendants seek to propound only a handful of targeted interrogatories. And those limited requests are directly related to Plaintiffs' standing and/or burden to show an entitlement to injunctive relief. Such information is uniquely within in Plaintiffs' control, and Defendants need it to effectively oppose Plaintiffs' Motion.

At the preliminary injunction stage, "likely irreparable harm in the absence of preliminary relief" and "likely success on the merits" are two of the four factors courts consider. *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 321 (D.C. Cir. 2018) (quotation omitted). Unless Plaintiffs have standing, they cannot show likelihood of success on the merits. *See Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017). And if Plaintiffs are not, in fact, likely to suffer imminent irreparable harm, their case need not be fast-tracked. Thus, the limited information Defendants seek is narrowly tailored to reveal information directly related to Plaintiffs' Motion—namely, whether Plaintiffs are, in fact, at risk of non-speculative injury or bodily harm should D.C. Code § 7-2506.01(b) remain in place while the Court weighs its constitutionality on the same timeline as any civil case, Defs.' Interrogs., Nos. 1-3; whether, in light of Plaintiffs' alleged experiences, the public interest and/or balance of the equities tends to favor relief on an emergency basis, *id.*, Nos. 4-6; and whether Plaintiffs' Motion is, as they suggest, substantiated by evidence supporting their requested relief. *Cf. Guttenberg*, 26 F. Supp. 3d at 98; *Archdiocese of Wash.*, 897 F.3d at 321. Where, as here, expedited discovery will "better enable the court to judge the parties' interests and respective chances for success on the merits," the purpose of seeking

discovery weighs in favor of granting the request. *Garnett*, 2017 WL 8944640 at *2 (quoting *Educata Corp. v. Sci. Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984).

Furthermore, Defendants' request for discovery is narrow in scope and will have only a minimal burden on Plaintiffs. Defendants seek to propound a few interrogatories on each Plaintiff, concerning information about their own lives and experiences and the evidence presently in their possession (or not). This information is currently known to Plaintiffs and could be readily provided without extensive investigation.

Defendants request this expedited discovery significantly earlier than usual, but Plaintiffs have moved to preliminarily and permanently enjoin the provision at issue, *see* PI Mem. at 33, before Defendants have answered or had any opportunity for discovery. Under the circumstances, it is reasonable to grant Defendants' request for expedited discovery to gather information directly related to Plaintiffs' application for emergency relief.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion.

Date: August 23, 2022.                                  Respectfully Submitted,

                                                              KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Helen M. Rave*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]

4

RICHARD P. SOBIECKI [500163]
HELEN M. RAVE[*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7520
Email: helen.rave@dc.gov

*Counsel for Defendants*

*Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(e) and D.C. Court of Appeals Rule 49(c)(4).