UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDREW HANSON**, *et al.*,<br><br>     **Plaintiffs**,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>     **Defendants.** | **Civil Action No. 1:22-02256-RC** |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant District of Columbia (the District) directs these interrogatories to Plaintiffs Andrew Hanson, Tyler Yzaguirre, Nathan Chaney, and Eric Klun. The District requests that Plaintiffs separately provide verified answers to each interrogatory. A copy of Plaintiffs' answers to these interrogatories must be served on undersigned counsel within fourteen days of service of these requests, unless ordered otherwise by the Court.

## DEFINITIONS

1.      The terms "plaintiff," "you," and "your" refer to the named Plaintiffs individually, as well as any of their agents, employees, representatives, and, unless privileged, attorneys.

2.      The term "person" includes individuals, corporations and other entities. Where the name or identity of a person is requested, please state the full name, home address, business address and telephone number. When the answer is made by a corporation or other legal entity or representative, state the name, address and title of the person supplying the information under oath, and the source of the information. Where an interrogatory calls for you to identify acts or

omissions, specify the date(s), time(s) and location(s) of those acts or omissions and the persons having committed the act or omission.

    3.    "District of Columbia" or "District" refers to the District of Columbia, including its employees, agents, and officials, unless otherwise stated.

    4.    "This lawsuit," "this litigation," and "this action" mean *Hanson v. District of Columbia*, Civil Action No. 22-2256 (RC), pending in the United States District Court for the District of Columbia.

    5.    Whenever a request is made to "identify," the term shall mean to identify and describe all information, tangible and intangible, documents, and persons with information or documents responsive to the request. In addition:

    a.    "Identify" when used in reference to a natural person means to state his or her full name, date of birth, present residential address, present telephone number(s), present business affiliation, business title, business phone number, and present business address, or if the above are not known, such information as was last known, or his or her residential address, business title, business affiliation and business address at the time in question.

    b.    "Identify" when used in reference to a document means to state the type of document (*e.g.*, letter, bill, memorandum, contract) or some other means of identifying it, its author or authors, addressee or addressees, recipients of copies, if any, and its present location or custodian. If any such document is no longer in your possession or subject to your control, "identify" also means to state what disposition was made of it and the date of such disposition.

      c.    "Identify" when used in reference to an act, job, occurrence, transaction, decision, payment, statement, discussion, conversation, communication, or conduct means to describe in substance the event or events constituting such act, describe what transpired, state the exact words spoken, state the place and date of the act and identify the persons present, the persons involved, and the documents referring or relating to the act.

6.    Information "related to" or that "relates to" a subject is all information that refers to, embodies, touches upon, or any in way concerns that subject.

7.    As to any document that you assert has been lost or destroyed, identify each such document by date, author, addressees, recipients of copies, number of pages and a brief description of its subject matter, and state the circumstances under which each such document was lost or destroyed.

8.    "And" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

9.    As used in these requests, the singular of any word or phrase includes the plural and the plural includes the singular.

10.    "Communication" includes all communication in written, oral, and electronic form, and all assertive conduct.

11.    "Document" means the original and each non-identical copy of any written, typed, printed, recorded, or graphical matter, however recorded, stored, produced or reproduced, or any tangible thing that in whole or in part illustrates or conveys information, including, but not limited to, papers, letters, notes, books, correspondence, memoranda, interoffice and intra-office

communications, corporate reports or records, memoranda or minutes of meetings or conversations whether personal or telephonic, cablegrams, mailgrams, electronic mail, telegrams, reports, summaries, surveys, analyses, studies, calculations, projections, ledgers and other compilations of data, service reports, service notes, journals and other formal and informal books of record and account, bulletins, notices, photographs, correspondence, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, graphs, statements, notebooks, handwritten notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies that are different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, marginal notes, or otherwise, and drafts, which are or ever were in your possession, custody or control.

12. Any words, phrases, or terms not explicitly defined above should be read with their common, ordinary, and accepted meaning given their particular context and usage in these interrogatories and requests.

**INSTRUCTIONS**

1. Your answers or responses to interrogatories must include knowledge, information, or documents in the possession of you, your agents, representatives, and attorneys. Pursuant to Rule 33, each interrogatory must be answered separately and under oath by each Plaintiff, individually. Where information provided is not within your personal knowledge, your response may indicate that the information is being provided upon information and belief.

2. Under Rule 26(e)(1)(A), these interrogatories are continuing in nature. If you obtain additional or different responsive information or documents, including, without limitation, information or documents that render any answer or response false, inaccurate, or incomplete, you must supplement your answers or responses with such information or documents seasonably.

3. Unless otherwise indicated, these interrogatories refer to the time, place, facts, and circumstances surrounding the allegations set forth in Plaintiffs' Complaint and Application for Preliminary Injunction.

4. If you cannot answer fully after conducting a reasonable investigation, please so state and answer to the extent that you can, stating what information you have and the efforts you made to obtain any further information.

5. Include in your responses an explanation of the extent to which any response is known or believed to be incomplete, limited, or qualified.

6. If you believe any word, phrase, or other aspect of any interrogatory or document request to be vague or otherwise not fully comprehensible, promptly contact undersigned counsel to obtain clarification.

7. On each request to which you object, including on the basis that responsive information is privileged or protected from disclosure, please state the objection and the reason for the objection in sufficient detail for a reviewing court to ascertain whether the objection is valid as applied to the information you are refusing to disclose.

## DEFENDANTS' FIRST SET OF INTERROGATORIES

1. Since obtaining your concealed-carry license from MPD, have you (or any family member) been subject to a specific threat of death or serious bodily harm, or a theft of property? If so, identify each such incident and describe it in detail.

2. Have you ever brandished or fired a weapon in self-defense, or to defend family members or others from a threat of death or serious bodily harm? If so, identify each such incident and describe it in detail, including the date and location of the incident and how many

rounds you fired, if any.  This interrogatory is not meant to include any incident that occurred while you were on active military duty or serving in any law enforcement capacity.

       3.      Are you aware of any incidents in the District of Columbia, Maryland, or Virginia in which someone fired more than ten rounds in self-defense of him or herself, or another?  If so, identify each incident and describe it in detail, including the date and location of the incident, the identity and contact information of the person(s) involved and their relation to you, if any, and how many rounds were fired.  This interrogatory is not meant to include any incident that occurred while the shooter was on active military duty or serving in any law enforcement capacity.

       4.      Identify each firearm for which you possess a concealed-carry license and state the maximum number of rounds each firearm may be loaded with, with and without the use of a large-capacity magazine.

       5.      Identify and describe in detail all formal or informal marksmanship training that you have you had since first applying for a concealed carry license from MPD.

       6.      Do you practice marksmanship?  If so, please state how many times have you practiced shooting within the last year; And the number of rounds of ammunition expend each time (estimating, if necessary).

       7.      Identify all evidence of which you are aware supporting the following proposition, as stated in your Memorandum of Points and Authorities in Support of Application for Preliminary Injunction [8-1] (Plaintiffs' Memorandum):  "Law-abiding citizens own tens of millions of Banned Magazines [having a capacity of more than 10 rounds of ammunition] such as those owned and possessed by Plaintiffs."  Pls.' Mem. at 13 (ECF pagination).

8.      Describe in detail any historical research conducted by you—or any expert or attorney acting on your behalf—prior to reaching the conclusion, as stated in Plaintiffs' Memorandum, that "Plaintiffs are unaware of any founding era limitations on the capacity of firearms a person could own or carry to defend himself from an assailant." Pls.' Mem. at 21 (ECF pagination).  In responding to this interrogatory, please identify the individual(s) on which you relied to conduct any such research, including each individual's business affiliation and last known contact information; and include a statement of all materials considered by each individual as well as the terms of his or her compensation if any was or will be paid.

Date: August 23, 2022.                                          Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Andrew J. Saindon*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE[*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 730-1470
Email: andy.saindon@dc.gov

*Counsel for Defendants*

*Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(e) and D.C. Court of Appeals Rule 49(c)(4).