**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANDREW HANSON, ET AL.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-cv-225 RC |
| | ) | |
| **DISTRICT OF COLUMBIA**, **ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY AND OBJECTIONS TO
PROPOSED INTERROGATORIES**

Plaintiffs, by counsel, oppose Defendants' motion for expedited discovery (ECF Doc. 10),
and state their specific objections to Defendants' proposed interrogatories as follows.

Defendants argue the need for expedited discovery on standing and irreparably harm. ECF
10-1 at 2-4. Standing in this case is clear and irreparable harm is presumed where a violation of a
constitutional right is pled. At best, some of Defendants' interrogatories might go to the issue of
the extent of damages Plaintiffs may recover once this case reaches the damages stage, not to
whether they have made the case for issuance of a preliminary or permanent injunction.

Plaintiffs' standing in this case is clear from the complaint and the injunction request.
Plaintiffs hold licenses to carry concealed handguns in the District and two of the four Plaintiffs
are District residents who use their registered firearms for home protection as well. ECF Docs. 8-
2 - 8-5. The regulation at issue plainly applies to them. Plaintiffs' have averred under oath that
they would employ the Banned Magazines they own outside the District for their personal
protection at home (for those who live in the District) and in public were DC Code Section 7-
2506.01(b) declared unconstitutional and enjoined. *See* ECF Docs. 8-2 – 8-5. That is all the
showing they need to make. The interrogatories the District propounds may go to the issue of the

ultimate damages Plaintiffs have incurred and for which the District is liable as a result of the Defendants' violation of Plaintiffs' Second Amendment rights, but not as to their standing. Plaintiffs need not even own the Banned Magazines. They would have standing if they stated merely they would purchase and use the Banned Magazines in the District, but avoid doing so in light of DC Code Section 7-2506.01(b), which makes it a felony to do so. The burden to establish standing rest on Plaintiffs and they have plainly met that burden.

Nor are any of the interrogatories relevant or material to the issue of irreparable harm. Where the defendant's actions violate the plaintiff's constitutional rights the requirement of "irreparable injury" is satisfied. As the D.C. Circuit has explained, "[s]uits for declaratory and injunctive relief against the threatened invasion of a constitutional right do not ordinarily require proof of any injury other than the threatened constitutional deprivation itself." *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) (brackets omitted) (hereinafter *"Gordon"*) (quoting *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998)). Thus, "although a plaintiff seeking equitable relief must show a threat of substantial and immediate irreparable injury, a prospective violation of a constitutional right constitutes irreparable injury for these purposes." *Id.* (brackets omitted) (quoting *Davis*, 158 F.3d at 1346). *See also Berg v. Glen Cove City School District,* 83 F.Supp. 651 (E.D.N.Y. 1994); *Doe v. Shenandoah County School Board,* 737 F.Supp. 913 (W.D.Va. 1990); *Joynes v. Lancaster,* 553 F.Supp. (M.D.N.C. 1982). The Supreme Court in the First Amendment context made this clear in *Elrod v. Burns,* 427 U.S. 347, 373 (1976) ("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") *See Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011) (applying *Elrod* to Second Amendment violations). Defendants make no showing why this Court should ignore the overwhelming weight of this precedent. Indeed they cite no precedent to the contrary.

2

Defendants instead want to inquiry as to "whether Plaintiffs are, in fact, at risk of non-speculative injury or bodily harm should D.C. Code Section 7-2506.01(b) remain in place while the Court weighs its constitutionality on the timeline as any civil case." ECF Doc. 10-1, p. 3. Nice try. But that is not the irreparable injury Plaintiffs face and the District knows that. Plaintiffs face a constitutional deprivation of the right to be effectively armed in the event of a violent confrontation which may very well lead to injury, but the prospect of injury cannot of course be predicted. They obviously cannot know when, where or whether they will be criminally attacked. If they had such prescience, they would not be there in the first place. The interrogatories the District propounds are thus irrelevant.

Review of the specifics of Defendants' proposed interrogatories confirms this analysis.

Interrogatory 1 seeks to ascertain if Plaintiffs or family members have been subjected to a specific threat of death, bodily harm or theft. Putting aside that deadly force is not normally justified to prevent larceny, the interrogatory somehow appears focused on a view that if the Plaintiffs have not been threatened, they don't a need to be armed. *Heller, Wrenn* and *Bruen* should have put that argument to bed. Although specific threats might be an indicator of potential criminal victimization, it is not a determinant. According to the an analysis of the DOJ Bureau of Justice Statistics the risk of violent criminal victimization after age 12 is 83 percent for the population at large, 89 percent for males and 73 percent for females. *See* Koppel, *Lifetime Likelihood of Victimization*, p. 2. (March 1987), attached as Exhibit 1 hereto. Breaking that information down, it shows a 30 percent chance of robbery, a 74 percent chance of an assault, and a 40 percent chance of injury from an assault or robbery over a lifetime. So whether or not any Plaintiffs have been threatened is largely immaterial to the overwhelming likelihood that at some point each of them will be a victim of violent crime.

3

Interrogatory 2 asks if any of the Plaintiffs have ever brandished or fired a weapon in self-defense and, if so, asks for details.  This is perhaps interesting, but likewise irrelevant to the injury Plaintiffs face here, which is being subject to an unconstitutional infringement on the right to keep and bear arms.  Dick Heller did not have to prove he had used a gun to defend himself in order to challenge DC's handgun prohibition. Nor did Brian Wrenn have to prove that he used a firearm for self-defense to challenge DC's may issue concealed carry regulation. Again, the answer to this interrogatory is irrelevant and immaterial to the constitutional challenge at issue here.

Interrogatory 3 appears directed at the question whether magazines holding more than 10 rounds are in fact necessary for self-defense, asking whether Plaintiffs are aware of more than 10 rounds having been fired in Virginia, DC, or Maryland in self-defense by civilians. Why the District limits its inquiry to Virginia, DC and Maryland is far from clear. Nor the exclusion of law enforcement shootings. Of course DC has had its magazine ban in effect since the 1930s so it is unlikely to be many such non law enforcement cases in the District where civilians fire more than 10 shots. Nonetheless Plaintiffs pointed to several such cases involving both civilians and law enforcement in their preliminary injunction application. ECF Doc 8-1, pp. 16-18. Presumably District counsel read that document. In one incident cited at ECF Doc 8-1, p. 20, more than 30 rounds were fired by store owners and staff in defending against an armed robbery of a Richmond, Virginia area jewelry store. *See Ayoob, Lead and diamonds: the Richmond jewelry store shootout. (The Ayoob Files)* American Handgunner (2003), *available at https://www.thefreelibrary.com/Lead+and+diamonds%3A+the+Richmond+jewelry+store+shootout.+(The+Ayoob...-a099130342.* Here is another case where more than 10 rounds were fired in self-defense. Ayoob, *With A Gun To Your Head: The Larry Goldstein Incident,* American Handgunner (2020), available at   https://americanhandgunner.com/our-experts/with-a-gun-to-

your-head-the-larry-goldstein-incident/. Whether Plaintiffs are or are not aware of these incidents is not relevant to the District's constitutional violation.

Interrogatory 4 asks for identification of each firearm for which Plaintiffs possess a concealed carry license and to state the number of rounds for which the firearm(s) can be loaded with or without a so-called large capacity magazine. Concealed carry licenses or permits in Virginia, Maryland and DC are not pegged to a particular handgun so the underlying premise of that question is false. Addressing the more relevant topic of Plaintiffs' District of Columbia registered firearms, the District already has information for all of the Plaintiffs' registered firearms, including the number of rounds those guns may be loaded with using currently legal District magazines. As to the number of rounds such guns can be loaded with using larger capacity magazines, it depends on the available larger capacity magazines. For example, a subcompact Glock 26 can be loaded with 10 round District legal magazines, 12 round standard capacity magazines, 15 round Glock 19 standard capacity magazines, and 17 round Glock 17 standard capacity magazines.  In addition there are 20 and 32 round aftermarket magazines that will fit that gun. Aside from the fact that MPD already possesses the answer to this interrogatory for every gun Plaintiffs have registered, the purpose of this interrogatory is far from clear. Does the District doubt Plaintiffs when they swear they own outside the District the Banned Magazines?

Interrogatory 5, asking for marksmanship training of the Plaintiffs, and interrogatory 6, asking for how often Plaintiffs practice marksmanship, are irrelevant to either standing or irreparable injury as claimed by Defendant. Is the District intending to argue that Plaintiffs should just learn to shoot better?

Interrogatory 7 asks for all evidence Plaintiffs have that tens of millions of magazines are owned by law abiding citizens like Plaintiffs. This interrogatory, contrary to Defendants'

representation, does not go to either the issue of standing or irreparable injury. In any event, the preliminary injunction application addresses this point at ECF 8-1, pp. 12-13, citing findings from *Heller v. District of Columbia, supra* and *Kolbe v. Hogan,* 849 F.3d 114 (4th Cir. 2017) to support that claim. We would also cite the record in *Duncan v. Bonta, supra.* And the TRO issued in *Rocky Mountain Gun Owners v. Town of Superior,* Case 22-cv-1685 RM, ECF Doc. 18. p. 8 to further support this statement.  *See also Id.* at ECF Doc. 11-3, Declaration of James Curcuruto.

Interrogatory 8, is by its terms asking for the results of historical research by counsel or persons employed by counsel prior to the filing of the complaint and/or the preliminary injunction application, and is objectionable as calling for attorney work product. Defendants have made no showing sufficient to overcome the work product privilege. However, we note the preliminary injunction application and the complaint in this case contain extensive historical discussion despite that under *Bruen* the burden is on Defendants to justify their magazine ban based on the nation's historical tradition of firearms regulation. *See* ECF Doc. 8-1, pp. 21-27.

Because the proposed expedited discovery is irrelevant to any question bearing on the decision to grant the requested preliminary or permanent injunction, the request for expedited discovery should be denied.

Respectfully submitted

**ANDREW HANSON**

**TYLER YZAGUIRRE**

**NATHAN CHANEY**

**ERIC KLUN**

By: /s/ George L. Lyon, Jr.
George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom (D.C. Bar. No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
800-819-0608
mjb@arsenalattorneys.com

*Attorneys for Plaintiffs*

Dated:   August 23, 2022

## CERTIFICATE OF SERVICE

I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants through the court's ECF system, this 23rd day of August, 2022.

/s/ George L. Lyon, Jr., DC Bar 388678