UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW HANSON, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>  Defendants. | Civil Action No. 1:22-02256-RC |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS'
PARTIAL CONSENT MOTION FOR EXTENSION OF TIME TO
RESPOND TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION
AND TO HOLD DEFENDANTS' RESPONSE DEADLINE IN ABEYANCE**

The Parties disagree as to whether Defendants should have until November 23, 2022, or until September 26, 2022, to respond to Plaintiffs' application for a preliminary injunction [8]. Because Defendants have shown good cause for having an additional 59 days (beyond the date to which Plaintiffs consented) to respond, *see* Motion [9], and because Plaintiffs have failed to identify any prejudice that would result during that period, *see* Opp'n at 5 [11], Defendants' motion should be granted.

In opposing Defendants' request for an additional 59 days to respond to their motion for a preliminary injunction, Plaintiffs' two main objections are that Defendants' have not justified the need for additional time and that Plaintiffs will suffer undue prejudice during that time.  Neither objection has merit.

Plaintiffs do not dispute—indeed, they concede—that Defendants are "entitled to sufficient time to proffer an historical analysis to attempt to show that the regulation is consistent with the nation's historic tradition of firearms regulation," but instead contend that Defendants should have initiated that examination years ago.  Opp'n at 2–3.  Plaintiffs' contention that the

Defendants should have commenced historical research into the District's ban on large-capacity ammunition feeding devices years ago is ill-founded; the D.C. Circuit upheld the provision in 2011.  *See Heller v. District of Columbia*, 670 F.3d 1244, 1264 (D.C. Cir. 2011).  Additional research then was unnecessary.

Plaintiffs argue further that "Defendants have failed to set forth any detailed discussion of exactly what it is that will require 89 days for them to prepare their response to the preliminary injunction request."  Opp'n at 3.  Plaintiffs' reasoning, however, rests on the false premise that the Supreme Court's recent decision in *New York State Rifle and Pistol Association v. Bruen*, 142 S. Ct. 2111, Case No. 20-843 (June 23, 2022) has no impact on the analysis here.  *See* slip. op. at 1–2.  It does.

*Bruen* represents a significant departure from how courts, including the D.C. Circuit, have analyzed firearm regulations.  The Supreme Court itself acknowledged the significance of *Bruen*.  The Court explained that in recent years "the Courts of Appeals have coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny," and then rejected that approach.  *Bruen*, slip op. at 8.  The Court held that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."  *Id*. at 10.  But, contrary to Plaintiffs' implication, the Court never suggested that such an analysis would be quick and easy.  The Court, if anything, implied the opposite, explaining that "historical analysis can be difficult" and that "it sometimes requires resolving threshold questions, and making nuanced judgements about which evidence to consult and how to interpret it."  *Id*. at 16 (quotations and citations omitted).  The Court also offered guidance with regard to future challenges to firearm regulations, noting that "cases implicating unprecedented societal concerns

or dramatic technological changes may require a more nuanced approach." *Bruen*, slip op. at 18. This action, which concerns a challenge to the District's ban on large-capacity ammunition feeding devices, is just such a case.

Defendants now seek the opportunity to conduct the historical analysis called for in *Bruen*. And, while Plaintiffs purport to have no idea as to what that historical analysis will entail, *see* Opp'n at 3, it should be self-evident to Plaintiffs. Defendants will need to spend time identifying, collecting, and reviewing source material, including some from more than 200 years ago. Defendants cannot simply use Google. Defendants will need to consult hard copy documents that are in many cases difficult to access because they are stored for preservation and—for whatever reason—not yet digitized. Not only will that nationwide search take time, but Defendants will also likely need to retain historical experts to assist with identification and review of relevant material.

And, during the additional 59 days that Defendants are seeking to conduct that search, Plaintiffs will suffer no actual prejudice. Plaintiffs challenge the ban on possession of large capacity ammunition feeding devices, but Plaintiffs have operated under that limitation for over a decade without incident and without complaint. No emergency or exigent circumstances prevent Plaintiffs from operating under that restriction for an additional brief period. Given the societal importance of the issues raised by Plaintiffs, the Parties should have the opportunity to develop a complete record and arguments consistent with *Bruen*, and the Court should have a full and fair presentation of the facts, including a thorough presentation of the relevant historical evidence. Plaintiffs' arbitrarily short timeframe would deprive this Court, and potentially the D.C. Circuit, of the benefit of that analysis.

## CONCLUSION

For the foregoing reasons, Defendants' motion for extension should be granted.

Date: August 24, 2022.                                  Respectfully Submitted,

                                                                       KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Helen M. Rave*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE[*]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7520
Email: helen.rave@dc.gov

*Counsel for Defendants*

*Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(e) and D.C. Court of Appeals Rule 49(c)(4).