## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANDREW HANSON**, *et al.*,<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>    **Defendants.** | **Civil Action No. 1:22-02256-RC** |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY

Plaintiffs, in their opposition [12], never argue that Defendants' proposed, targeted discovery is unreasonable; they only argue that the specific interrogatories are irrelevant.  Pls.' Opp'n at 2–3.[1]  Plaintiffs state that their standing is clear and that their irreparable harm should be "presumed" because they have pled a violation of their constitutional rights.  Pls.' Opp'n at 1. Plaintiffs are incorrect.  Because Defendants' proposed discovery is narrowly tailored to the factual issues raised by Plaintiffs in their pending application for preliminary injunction and imposes a limited burden on Plaintiffs, it should be permitted.  *See Damus v. Neilsen*, 328 F.R.D. 1, 5 (D.D.C. 2017) (applying "reasonableness" test and granting, in part, motion for expedited discovery); *see also*, *e.g.*, *Wall v. Reliance Standard Life Ins. Co.*, 341 F.R.D. 1, (D.D.C. 2022) ("Relevance" is to be construed broadly, "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

---

[1]    Citations are to ECF page numbers.

In connection with their preliminary injunction application, Plaintiffs are required to "'show [among other things] a substantial likelihood of standing under the heightened standard for evaluating a motion for summary judgment.'" *Turner v. U.S. Agency for Global Media*, 502 F. Supp. 3d 333, 357 (D.D.C. 2020) (quoting *Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017)).  Plaintiffs' feared injury is an alleged constitutional violation:  Plaintiffs assert that the Second Amendment encompasses a right to possess large-capacity ammunition feeding devices, and they contend that the District's prohibition of the same offends that constitutional right.  But, to date, there is no mandatory authority siding with Plaintiffs.  And the limited discovery proposed by Defendants is likely to help determine the nature and scope of Plaintiffs' alleged injuries—whether they are in fact likely to suffer the constitutional injury they claim, among other considerations.

While precedent states that the loss of constitutional rights may constitute irreparable harm, a party seeking emergency relief must demonstrate that that loss is *likely*.[2]  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Archdiocese of Wash. v. WMATA*, 897 F.3d 314, 334 (D.C. Cir. 2018) ("[T]he deprivation of constitutional rights constitutes irreparable injury only to the extent such deprivation is shown to be likely.").  Otherwise, there would be no emergency, and no justification for emergency injunctive relief.  Defendants' proposed interrogatories are targeted, among other things, to uncover evidence as to whether the feared injuries are "of such imminence that there is a 'clear and present need for equitable relief to

---

[2]     Plaintiffs cite to the Supreme Court's decision in *Elrod* to support their contention that a violation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable injury," Pls.' Opp. at 2 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)), but they fail to note that "[b]ecause the [*Elrod*] plurality's discussion of irreparable harm did not enjoy support from a majority of Justices, it is not binding precedent … ." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 300 n.7 (D.C. Cir. 2006).

prevent irreparable harm.'"  *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)).

Moreover, even assuming the existence of irreparable injury, Plaintiffs are still required to demonstrate the existence of the other three factors.

> [A] preliminary injunction will not issue unless the moving party also shows, on the same facts, a substantial likelihood of success on the merits, that the injunction would not substantially injure other interested parties, and that the public interest would be furthered by the injunction. It is these other prongs that will ultimately determine meritorious motions for preliminary injunctions in the face of purported [constitutional] violations.

*Chaplaincy of Full Gospel Churches*, 454 F.3d at 304.[3]  Stated another way, even if an alleged constitutional violation satisfies the irreparable injury prong, it says nothing about the balance of the equities or the impact on the public interest.  And Defendants' proposed discovery was designed to address these other factors as well.

In evaluating these factors, the Court may, among other things, weigh the harm to public safety that could result if large-capacity ammunition feeding devices are permitted in the District overnight against the magnitude of the burden on Plaintiffs if they continue to be prohibited from possessing these devices in the District for the duration of the litigation.  Surely, evidence such as the level of threat Plaintiffs face from not being able to possess large-capacity ammunition feedings devices and the like would be helpful in making this assessment.  In short, the

---

[3]      Some courts in the D.C. Circuit have suggested that the "presumption" of irreparable harm in the face of a loss of constitutional rights is "not at all clear" outside the context of an Establishment Clause claim.  *See Republican National Committee v. Pelosi*, No. 22-659 (TJK), 2022 WL 1604670, n.4 (D.D.C. May 20, 2022) (quoting *English v. Trump*, 279 F. Supp. 3d 307, 333 (D.D.C. 2018)); *cf. Brown v. FEC*, 386 F. Supp. 3d 16, 34 (D.D.C. 2019) (stating that irreparable injury factor is "intertwined with the merits" and holding that plaintiffs who are unlikely to succeed on the merits of their constitutional claims cannot show irreparable injury through the loss of constitutional freedoms) (citing, among others, *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)).

information Defendants seek will enable the Court to properly engage in the required analysis—both as to Plaintiffs' threshold showing of an imminent alleged constitutional injury and as to the other factors at issue on a application for preliminary injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for expedited discovery.

Date: August 24, 2022.                    Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Matthew R. Blecher
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

/s/ Helen M. Rave
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE*
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7520
Email: helen.rave@dc.gov

Counsel for Defendants

*Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Matthew Blecher, a member of the D.C. Bar, pursuant to LCvR 83.2(e) and D.C. Court of Appeals Rule 49(c)(4).