IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDREW HANSON, ET AL.** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA, ET AL.** )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 22-cv-2256 RC |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF CONSENT MOTION
TO SUPPLEMENT APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiffs submit this memorandum of points and authorities in support of their consent motion to supplement their pending preliminary injunction application to include the declaration under penalty of perjury of Tyler Yzaguirre, submitted as an attachment to the motion.

On October 18, 2022, Mr. Yzaguirre sought to register with the Metropolitan Police Department a previously owned Sig Sauer P365 semiautomatic pistol with a 12-round magazine he keeps outside the District. *See* Exhibit 1 hereto.

Upon going to MPD to register the firearm, Mr. Yzaquirre paid the required $13 registration application fee as required by MPD regulations. He then presented his application for registration of the Sig Sauer P365 handgun on MPD form PD-219 to MPD staff. The staff refused to accept his registration application. He then spoke with a supervisor, Sergeant Thomas, of the MPD Firearms Registration Section. Sergeant Thomas said she could not accept the form because he was attempting to register the

gun with its 12-round magazine and that it was illegal to possess a large capacity magazine in the District. Sergeant Thomas said, she could not accept the application and further stated that her refusal to accept the application was a denial of the application. She declined to provide a written denial of the application. Mr. Yzaguirre did not receive a refund of his $13 that he had paid for the registration application fee.

Good cause exists to accept Mr. Yzaguirre's declaration as it conclusively demonstrates that he has suffered an injury in fact as a result of the District's so-called high capacity magazine ban, conferring on him standing to contest that magazine ban. The District refused to register his previously owned firearm with a 12 round magazine. The denial of the application constitutes an injury in fact conferring standing on him to contest the magazine ban under binding circuit precedent. *See Parker v. District of Columbia*, 478 F.3d 370, 376 (2007), *aff'd sub nom. Hell*er, 554 U.S. 570 (denial of Dick Heller's application to register a handgun conferred standing on him to challenge the District's handgun ban).[1] *See also Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011). In *Dearth* the D. C. Circuit said:

---

[1] Even without attempting to register a firearm with a magazine holding in excess of 10 rounds, Mr. Yzaguirre would have had standing to contest the magazine ban under established Supreme Court precedent. *See New York State Rifle & Pistol Ass'n v. City of New York,* 140 S.Ct. 1525 (2020) (Court did not question standing where applicants merely stated an intention to take their handguns out of New York City despite a law prohibiting them from doing so); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 128-29 (2007); *Virginia v. American Booksellers Ass'n,* 484 U.S. 383 (1988); *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289 (1979); *Steffel v. Thompson*, 415 U. S. 452 (1974). *See also Rhode Island Ass'n of Realtors, Inc. v. Whitehouse,* 199 F.3d 26, 33 (1st Cir. 1999); *Bach v. Pataki,* 408 F.3d 75 (2d Cir. 2005); *Mobil Oil Corp. v. Attorney Gen. of Va.,* 940 F.2d 73, 75 (4th Cir. 1991); *Peoples Rights Organization, Inc. v. Columbus,* 152 F.3d 522 (6th Cir. 1998); *Gillespie v. City of Indianapolis,* 185 F.3d 693 (7th Cir. 1999); *ACLU v. Alvarez,* 679 F.3d 583, 590 (7th

> We agree with Dearth that the Government has denied him the ability to purchase a firearm and he thereby suffers an ongoing injury. Dearth's injury is indeed like that of the plaintiff in *Parker*, who had standing to challenge the District of Columbia's ban on handguns because he had been "denied a registration certificate to own a handgun." 478 F.3d at 376. As we there stated, "a license or permit denial pursuant to a state or federal administrative scheme" that can "trench upon constitutionally protected interests" gives rise to "an Article III injury"; "the formal process of application and denial, however routine," suffices to show a cognizable injury.

Id. at 502.

Under Rule 15(a)(2), leave to amend should be freely given in the interest of justice. *See also* Rule 15(d) (allowing amendment to set out transactions occurring after the date of the pleading to be supplemented). Here Defendants have not yet responded to Plaintiffs' preliminary injunction application. Defendants' response is not due until November 23, 2022. Thus, Defendants have ample time to submit their views as to this matter without any prejudice. Given, that there is no prejudice to Defendants, good cause is present for grant of Plaintiffs' motion to supplement their preliminary injunction application. *See Jones v. Pollard,* Case No. 21-cv-162 (S.D. Cal. May 22, 2022). Moreover, Defendants consent to grant of the motion conclusively showing the lack of prejudice.

For the foregoing reasons, Plaintiffs' motion to supplement their preliminary injunction motion to include the declaration of Mr. Yzaguirre should be granted.

---

Cir. 2012); *Jackson v. City & Cty. of San Francisco*, 746 F.3d 953 (9th Cir. 2014); *Hejira Corp. v. MacFarlane,* 660 F.2d 1356 (10th Cir. 1981).

Respectfully submitted,

**ANDREW HANSON**

**TYLER YZAGUIRRE**

**NATHAN CHANEY**

**ERIC KLUN**

By:    /s/ George L. Lyon, Jr.

George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom (D.C. Bar. No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
800-819-0608
mjb@arsenalattorneys.com

Dated:   October 31, 2022    *Attorneys for Plaintiffs*

## *CERTIFICATE OF SERVICE*

I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants via the Court's electronic filing system, this 31st day of October, 2022.

/s/ George L. Lyon, Jr., DC Bar 388678