# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANDREW HANSON, ET AL.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-cv-2256 RC |
| | ) | |
| **DISTRICT OF COLUMBIA, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' ANSWERS AND OBJECTIONS
## TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs hereby tender their answers and objections to Defendants' First Set of Interrogatories.

**Interrogatories.**

1.      Since obtaining your concealed-carry license from MPD, have you (or any family member) been subject to a specific threat of death or serious bodily harm, or a theft of property? If so, identify each such incident and describe it in detail.

**Answer as to all Plaintiffs**: Objection, irrelevant, not likely to lead to the discovery of relevant and admissible evidence. This case is a challenge to the District's ban on the possession of magazines and other ammunition feeding devices capable of holding more than 10 rounds of ammunition. The irreparable harm to Plaintiffs alleged here is being subject to an unconstitutional infringement on their

1

**Answer as to all Plaintiffs:** Irrelevant, immaterial, not likely to lead to the discovery of relevant admissible evidence. This is perhaps interesting, but likewise irrelevant to the injury Plaintiffs face here, which is being subject to an unconstitutional infringement on their right to keep and bear arms. Dick Heller did not have to prove he had used a gun to defend himself in order to challenge DC's handgun prohibition. Nor did Brian Wrenn have to prove that he used a firearm for self-defense to challenge DC's may issue concealed carry regulation. Again, the answer to this interrogatory is irrelevant and immaterial to the constitutional challenge at issue here.

Subject to the objection, the following individual responses are provided:

Andrew Hanson: No.

Tyler Yzaguirre: No.

Nathan Chaney: No.

Eric Klun: No.

3.      Are you aware of any incidents in the District of Columbia, Maryland, or Virginia in which someone fired more than ten rounds in self-defense of him or herself, or another? If so, identify each incident and describe it in detail, including the date and location of the incident, the identity and contact information of the person(s) involved and their relation to you, if any, and how many rounds were fired. This interrogatory is not meant to include any incident

that occurred while the shooter was on active military duty or serving in any law enforcement capacity.

**Answer as to all Plaintiffs:** Objection to limiting the interrogatory to law enforcement or active military and to limiting the interrogatory to Maryland, Virginia and the District of Columbia. Moreover, whether Plaintiffs are or are not aware of these incidents is not relevant to the District's constitutional violation.

Subject to the objection, Plaintiffs state: This interrogatory appears directed at the question whether magazines holding more than 10 rounds are in fact necessary for self-defense, asking whether Plaintiffs are aware of more than 10 rounds having been fired in Virginia, DC, or Maryland in self-defense by civilians. Why the District limits its inquiry to Virginia, DC and Maryland is far from clear and biases the results as does the exclusion of law enforcement incidents. Of course DC has had its magazine ban in effect since the 1930s so it is unlikely to be many such non law enforcement cases in the District where civilians fire more than 10 shots. Maryland also has a lesser magazine restriction that unnecessarily biases the results of such an inquiry as well.

Nonetheless, Plaintiffs pointed to several such cases involving both civilians and law enforcement in their preliminary injunction application. ECF Doc 8-1, pp. 16-18. Presumably District counsel read that document. In one incident cited at ECF Doc 8-1, p. 20, more than 30 rounds were fired by store owners and staff in defending

against an armed robbery of a Richmond, Virginia area jewelry store. *See Ayoob, Lead and diamonds: the Richmond jewelry store shootout. (The Ayoob Files)* American Handgunner (2003), *available at https://www.thefreelibrary.com/Lead+and+diamonds%3A+the+Richmond+jewelry+store+shootout.+(The+Ayoob... a099130342.* Here is another case where more than 10 rounds were fired in self-defense. Ayoob, *With A Gun To Your Head: The Larry Goldstein Incident,* American Handgunner (2020), available at https://americanhandgunner.com/our-experts/with-a-gun-to-your-head-the-larry-goldstein-incident/. *See also* English, 2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned, Expanded Report, pp. 28-33 (May 13, 2022) (detailing situations where respondents stated that having magazines holding in excess of 10 rounds would have been useful for self-defense). Whether Plaintiffs are or are not aware of these incidents is not relevant to the District's constitutional violation.

Subject to the objection the following individual responses are provided:

Andrew Hanson: Other than in the complaint and application for preliminary injunction, and as stated above, I am not aware of any incidents in DC, MD or VA in which more than 10 rounds were fired in self-defense. However, I would reiterate the following. The majority of instances where I have been threatened/accosted while living in the District of Columbia have involved groups of four or more

persons threatening me on the street or on a sidewalk. Granted, such incidents are unusual as I am generally thought of as friendly and – at a minimum – respectful to people I encounter/meet. That said, the groups of young men I encountered in these incidents were unknown to me, and I to them. In short, these incidents – though rare – generally occur when I am vastly outnumbered.

Tyler Yzaguirre: Other than in the complaint and application for preliminary injunction, and as stated above, I am not aware of any incidents in DC, MD or VA in which more than 10 rounds were fired in self-defense. I note that published reports of the many self-defense incidents do not generally state the number of rounds fired by the defender(s). I do note that in the recent mall active shooter attack in Indiana, the good guy with a gun fired 10 rounds in order to stop the mass killer. Consider what he would have needed if there had been more than one mass murderer at that mall. Mass shootings sometimes involve more than one assailant.

Nathan Chaney: According to FBI statistics, the average number of rounds fired by assisting officers responding to the scene of a victim officer in 2017 was 28.2. This is in addition to the average 4.1 rounds fired by the victim officer themself. *See* Table 106, Law Enforcement Officers Assaulted and Injured with Firearms, Knives, or Other Cutting Instruments; Use of Firearm(s) During Incident by the Victim Officer, Assisting Officers, and Offenders, 2008–2017. Electronic copy available at: https://ucr.fbi.gov/leoka/2017/tables/table-106.xls

"For law-abiding Americans, firearms are tools of recreation and self-defense. Defensive uses of firearms can preserve human life. Americans use firearms with magazine capacities of 10 to 30 rounds for the same reason law enforcement officers do: because they are effective tools for defensive use. For this reason alone, magazine restrictions should be understood as restrictions on weapons themselves and should thus be taken as seriously and subject to as much scrutiny as restrictions directly on firearms." Losing Count: The Empty Case for "High-Capacity" Magazine Restrictions By Matthew Larosiere, Cato Institute. July 17, 2018. Electronic copy available at: https://www.cato.org/legal-policy-bulletin/losing-count-empty-case-high-capacity-magazine-restrictions

Eric Klun: Other than in the complaint and application for preliminary injunction, and as stated above, I am not aware of any incidents in DC, MD or VA in which more than 10 rounds were fired in self-defense.

4.      Identify each firearm for which you possess a concealed-carry license and state the maximum number of rounds each firearm may be loaded with, with and without the use of a large-capacity magazine.

**Answer as to all Plaintiffs:** Objection, the interrogatory calls for information already within the possession of the District. The District already has information for all of the Plaintiffs' registered firearms, including the number of rounds those guns may be loaded with using currently legal District

magazines. As to the number of rounds such guns can be loaded with using larger capacity magazines, it depends on the available larger capacity magazines. For example, a subcompact Glock 26 can be loaded with a 10 round District legal magazine for a total of 11 rounds, a 12 round standard capacity magazine (13), a 15 round Glock 19 standard capacity magazine (16), and a 17 round Glock 17 standard capacity magazine (18). In addition there are 20 and 32 round aftermarket magazines that will fit that gun. On information and belief, the District has that information as well.

Moreover, as asked, the answer is none since concealed carry licenses in DC are not issued for specific firearms; they are issued to persons to carry handguns. Construing the question as requesting information as to registered handguns that Plaintiffs are authorized by their DC Carry licenses to carry in public, subject to the objection, the answers are:

Andrew Hanson: The majority of handguns I own are for collectors' purposes and have never been fired outside the context of factory testing. However, the three main handguns I carry for target shooting and self-protection are:

1. Sig Sauer 229, 9mm, DC-compliant magazine holds 10 rounds for a total of 11 including the round in the chamber. I understand it will accept a 15

round magazine (standard issue), though higher capacity variants may be commercially-available as well.

2. Sig Sauer 320, 9mm, DC-compliant magazine holds 10 rounds for a total of 11 in the gun. My understanding is that it comes standard with 17 round magazines. Sig has magazines as large as 30 rounds for this firearm.

3. Glock 43, 9mm (sub-compact), 6 round magazine capacity and thus 7 total in the gun. I believe that larger magazines are commercially available for this firearm.

I own several additional semi-automatic pistols, but they are for collection purposes and I do not at this time plan to employ them for home or personal protection. Most of them can accept magazines capable of holding more than 10 rounds and of those most come standard (outside the District) with magazines holding more than 10 rounds. However, all magazines for these collectors' items are DC-compliant. I also own several revolvers, all of which are either five or six shot firearms. They cannot be made to accept more rounds than that. I do not use any of those firearms for personal or home protection. I note that my attorney has a complete list of my handguns and their magazine capacities as does the MPD Firearms Registration Unit.

Tyler Yzaguirre: Ruger P95, 10 round magazine allowable in DC plus one in the chamber; I also possess outside DC a 20 round magazine for the gun

(21 rounds). I understand it comes standard with a 15 round magazine (16 rounds) and up to 30 round magazines are available for the firearm (31). Ruger LCP six plus 1. I am unaware that larger magazines are available for it but they may exist.

Nathan Chaney: Sig Sauer P320, maximum number of rounds: 31 (30+1 in the chamber). Typically carried with 21 round magazine (+1 in the chamber). However, Sig Sauer does have 30 round extended capacity magazines available.

Sig Sauer P365, maximum number of rounds: 16 (15+1 in the chamber).

Smith & Wesson M&P Shield, maximum number of rounds: 11 (10 +1 in the chamber).

Ruger LCP 2 maximum number of rounds (with factory magazines): 8 (7 +1 in the chamber).

Eric Klun: I carry a Glock 43x with magazine capacity of 15 in the magazine and 1 round in the chamber for a total of 16 rounds. I also carry a Glock 23c with 13 rounds in the magazine and 1 round in the chamber for a total of 14 rounds. I am aware of magazines with greater capacity for these firearms than I own as set forth above. When carrying in the District of Columbia I am forced to use 10 round magazines for these guns.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned Plaintiffs in this action, state under penalty of perjury that their respective foregoing answers are true and correct to the best of their knowledge, information and belief.

Andrew Hanson

_____

Tyler Yzaguirre

_____

Nathan Chaney

_____

Eric Klun

### *CERTIFICATE OF SERVICE*

I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants via email, this 13th day of September, 2022.

/s/ George L. Lyon, Jr., DC Bar 388678

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned Plaintiffs in this action, state under penalty of perjury that their respective foregoing answers are true and correct to the best of their knowledge, information and belief.

_____

Andrew Hanson

_____

Tyler Yzaguirre

_____

Nathan Chaney

_____

Eric Klun

### *CERTIFICATE OF SERVICE*

I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants via email, this 13th day of September, 2022.

/s/ George L. Lyon, Jr., DC Bar 388678

The undersigned Plaintiffs in this action, state under penalty of perjury that their respective foregoing answers are true and correct to the best of their knowledge, information and belief.

_____
Andrew Hanson

_____
Tyler Yzaguirre

_____
Nathan Chaney

_____
Eric Klun

### CERTIFICATE OF SERVICE

I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants via email, this 13th day of September, 2022.

/s/ George L. Lyon, Jr., DC Bar 388678

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned Plaintiffs in this action, state under penalty of perjury that their respective foregoing answers are true and correct to the best of their knowledge, information and belief.

_____

Andrew Hanson

_____

Tyler Yzaguirre

_____

Nathan Chaney

_____

Eric Klun

### *CERTIFICATE OF SERVICE*

I, George L. Lyon, Jr., a member of the bar of this court, certify that I served the foregoing document on all counsel of record for Defendants via email, this 13th day of September, 2022.

/s/ George L. Lyon, Jr., DC Bar 388678