**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANDREW HANSON**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 1:22-cv-2256-RC** |
| **DISTRICT OF COLUMBIA**, *et al.*, | |
| **Defendants.** | |

### JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL

The Parties jointly move to stay proceedings pending Plaintiffs' appeal of the Court's denial of Plaintiffs' motion for a preliminary injunction. As discussed in the accompanying memorandum of points and authorities, a stay is warranted because it will preserve the Parties' resources, promote judicial efficiency, and no party will be prejudiced. A proposed order is attached.

Dated: May 3, 2023.

*/s/ George L. Lyon, Jr*
George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom (D.C. Bar No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033

Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Andrew J. Saindon*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]

HELEN M. RAVE [90003876]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-6643
Email: andy.saindon@dc.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANDREW HANSON, *et al.*,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>    **Defendants.** | <br><br><br><br>**Civil Action No. 1:22-cv-2256-RC** |

## JOINT MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL

The Parties seek to stay proceedings while Plaintiffs appeal this Court's denial of Plaintiffs' motion for a preliminary injunction. Granting a stay will preserve the status quo while the D.C. Circuit decides legal issues that may alter the course of this litigation. Balancing the interests here demonstrates that a stay of proceedings would preserve the Parties' resources and promote judicial economy. Accordingly, the Court should grant a stay of proceedings pending appeal.

## BACKGROUND

On August 3, 2022, Plaintiffs filed the Complaint, alleging that D.C. Code § 7-2506.01(b) violates the Second and Fifth Amendments of the Constitution. *See* Complaint at 22. On August 19, 2022, Plaintiffs filed an application for a preliminary injunction. Application for Preliminary Injunction [8]. After that application was fully briefed, the Court held oral argument on April 13, 2023. On April 20, 2023, the Court issued a memorandum opinion and order denying Plaintiffs' application for a preliminary injunction. Order Denying Plaintiffs' Motion

for a Preliminary Injunction [27]; Memorandum Opinion Denying Plaintiff's Motion for a

Preliminary Injunction [28].  Plaintiffs intend to appeal this Court's decision.

## LEGAL STANDARD

A court has inherent, discretionary power to stay a case to control its own docket.  *Landis*

*v. North American Co.*, 299 U.S. 248, 254 (1936).  "In 'the exercise of its judgment,' the Court

must 'weigh competing interests and maintain an even balance' between the court's interests in

judicial economy and any possible hardship to the parties."  *Ctr. v. Biological Diversity v. Ross*,

419 F. Supp. 3d 16, 20 (D.D.C. 2019) (quoting *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d

724, 732–33 (D.C. Cir. 2012) (alterations omitted)).  Courts may also consider the public interest

in considering whether to grant a stay.  *See Feld Entm't, Inc. v. ASPCA*, 523 F. Supp. 2d 1, 5

(D.D.C. 2007).  Courts identifying and weighing competing interests must "make such

determinations in the light of the particular circumstances of the case."  *Hulley Enters. v. Russian*

*Fed'n*, Case No. 14-1996, 2020 U.S. Dist. LEXIS 219208, *14 (D.D.C. Nov. 20, 2020) (quoting

*SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).  Ultimately a district court's

authority to stay proceedings to control its own docket is "broad" and subject to review only as

an abuse of discretion.  *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

## ARGUMENT

The balance of interests, judicial economy, and the public interest each favor a stay

pending appeal in this case.  All Parties request that litigation in this case be stayed pending

appeal, and no Party will be harmed by a stay.  Instead, a stay will preserve the Parties' resources

and maintain the status quo while Plaintiffs' appeal of the denial of their application for

preliminary injunction is ongoing.

The resolution of Plaintiffs' requested preliminary injunction, and this case, largely turns

on the interpretation and application of *New York State Rifle & Pistol Assn, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* is a recent and significant Second Amendment decision that the Circuit has not yet applied or interpreted. Any decision on appeal is very likely to provide guidance on the core legal issues of this case, thereby significantly impacting the course of the litigation and discovery. As courts have repeatedly recognized, a stay pending appeal is particularly warranted where the legal issue presented is novel or significant. *See Ctr. for Int'l Evntl. Law v. Office of the United States Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (granting stay pending appeal party because the case presented an "issue of first impression" and the first to involve application of a recent Supreme Court decision); *see also Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 56 (D.D.C. 2009) (discussing that the "novel and weighty" issues presented favored granting a stay pending appeal); *Philipp v. Fed. Rep. of Germany*, 436 F. Supp. 3d 61, 66 (D.D.C. 2020) ("so long as the other factors strongly favor a stay, [a stay of proceedings] is appropriate if [a] 'serious legal question is presented'") (quoting *Loving v. IRS*, 920 F. Supp. 2d 108, 110 (D.D.C. 2013)). That is the case here.

The Parties do not seek to stay an order of this Court from going into effect, but instead "seek a decision to stay discovery [and further litigation], . . . pending a D.C. Circuit determination that almost certainly will affect discovery [and future litigation]." *Loumiet v. United States*, 315 F. Supp. 3d 349, 353 (D.D.C. 2018). Thus, a stay here "would avoid potentially 'fractured and disorderly' and unnecessary litigation and best preserve judicial and parties' resources . . . .'" *Hulley*, 2020 U.S. Dist. LEXIS 219208, at *19 (quoting *Seneca Nation of Indians v. U.S. Dep't of Health & Hum. Servs.*, 144 F. Supp. 3d 115, 119 (D.D.C. 2015)). As courts have recognized, "subjecting a party to duplicative and wasteful litigation exercises is a significant harm." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 286 F.R.D. 88, 93

3

(D.D.C. 2012).  Further, it is not in the public interest for the Parties or the Court to spend

resources on unnecessary or duplicative litigation.  Because any Circuit opinion on appeal is very

likely to impact the course of this litigation, it would preserve judicial and party resources and

promote the public interest to stay the litigation until the appeal is resolved.

## CONCLUSION

For the foregoing reasons, the Court should grant the Parties' Joint Motion to Stay

Proceedings Pending Appeal.


Dated: May 3, 2023.

*/s/ George L. Lyon, Jr*
George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom (D.C. Bar No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
800-819-0608
mjb@arsenalattorneys.com

*Attorneys for Plaintiffs*

Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Andrew J. Saindon*
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
MATEYA B. KELLEY [888219451]
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE [90003876]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-6643
Email: andy.saindon@dc.gov

*Counsel for Defendants*

4