**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TYLER YZAGUIRRE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:    22-2256 (RC) |
| | : | |
| v. | : | Re Document No.:    48 |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

### GRANTING DEFENDANT'S MOTION TO STAY

This case involves a pre-enforcement challenge brought by Plaintiff Tyler Yzaguirre to

the District of Columbia's prohibition on large-capacity magazines for firearms.  *See* ECF No. 39

at 1.[1]  The case is currently proceeding through discovery.  On July 22, 2026, Defendant the

District of Columbia asked this Court to stay all proceedings pending the Supreme Court's

resolution of *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566—two

consolidated cases involving challenges to assault-weapon bans that are likely to address the

standard for whether an arm is in common use for a lawful purpose.  *See* Mem. of P. & A. in

Supp. of Def.'s Mot. to Stay the Case ("Def.'s Mot.") at 1, 5–6, ECF No. 48.  Mr. Yzaguirre

agrees to a stay with respect to summary-judgment briefing and expert discovery, but he argues

that a stay of fact discovery is unwarranted.  *See* Pl. Tyler Yzaguirre's Partial Opp'n to Stay

("Pl.'s Opp'n") at 4, ECF No. 49.

The Court is persuaded that a full stay is appropriate because the factual issues subject to

discovery are intertwined with the legal standard and therefore are likely to be affected by the

---

[1] The case initially involved four plaintiffs and multiple defendants, but the Court dismissed all parties except Mr. Yzaguirre and the District of Columbia.  *See id.* at 2.

Supreme Court's decision.  The parties agree that the pending fact discovery in this case involves "such areas as common use" and "potential historical analogues."  Pl.'s Opp'n at 4; *see* Def.'s Reply Br. in Supp. of Def.'s Mot. to Stay the Case ("Def.'s Reply") at 7, ECF No. 50.  Because the Supreme Court's decision is likely to shed light on what counts for purposes of the common-use analysis, the Court finds that the *Viramontes* decision is likely to have a significant effect on issues of fact discovery in this case.  The Court will therefore grant the District's request for a stay.  *See Am. Petroleum Inst. v. Johnson*, 541 F. Supp. 2d 165, 171 (D.D.C. 2008) (noting that the court granted a stay pending the Supreme Court's decision on an issue "of considerable significance" to the cases before the district court); *Doe v. Am. Nat. Red Cross*, No. CIV. A. 92-645(CRR), 1992 WL 84910, at *2 (D.D.C. Apr. 9, 1992) (staying case pending Supreme Court decision and collecting cases of other courts doing the same).

For this reason, Defendant's motion to stay the case (ECF No. 48) is **GRANTED**.  It is hereby:

**ORDERED** that the case is stayed pending the Supreme Court's decision in the consolidated cases of *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566; and it is

**FURTHER ORDERED** that all deadlines in this matter are stayed, including the discovery schedule set forth in this Court's Scheduling Minute Order from July 24, 2026; and it is

**FURTHER ORDERED** that the status conference scheduled for March 16, 2027, is hereby vacated; and it is

**FURTHER ORDERED** that the parties shall submit a joint status report fourteen days after the Supreme Court's decision in the consolidated cases of *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566.

**SO ORDERED**.

Dated:  July 28, 2026                                                    RUDOLPH CONTRERAS
                                                                        United States District Judge